IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTTO G. GIBBS, | : |
|     Petitioner, | : |
| v. | :    C.A. No. 13-386-LPS |
| STATE OF DELAWARE, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|     Respondents. | : |

**MEMORANDUM**

**I. BACKGROUND**

Presently pending before the Court is Petitioner Otto G. Gibbs' ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) In 1997, Petitioner was convicted of second degree unlawful intercourse and sentenced to a total of twenty-years in prison, suspended after fifteen years for varying levels of supervision. (D.I. 1); *see also Gibbs v. Carroll*, 2004 WL 1376588 (D. Del. June 17, 2004). The Petition asserts one ground alleging that trial counsel provided ineffective assistance.

Petitioner has already requested, and has been denied, habeas relief with respect to the same 1997 conviction and twenty-year sentence on one prior occasion, when the Honorable Joseph J. Farnan, Jr. dismissed his first application as time-barred. *See Gibbs*, 2004 WL 1376588.

**II. LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the

district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. DISCUSSION

The dismissal of Petitioner's first § 2254 petition as time-barred constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that the dismissal of a § 2254 application as time barred constitutes an adjudication on the merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Petitioner could have asserted the instant ineffective assistance of counsel claim in his first petition. Therefore, the Court concludes that the Petition constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege, and there is no reason to conclude, that the Third Circuit Court of Appeals authorized the filing of the pending petition. To the extent Petitioner's citation to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012),[1] should be liberally construed as his attempt to avoid

---

[1] In *Martinez*, the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Martinez*, 132 S.Ct. at

2

the second or successive bar, it is unavailing. The *Martinez* decision did not alter the applicable rules regarding second or successive habeas applications and, more importantly, determining if *Martinez* triggers the § 2244(b)(2)(A) "new rule of constitutional law" exception to the second or successive bar is an issue for the Third Circuit Court of Appeals, not this Court.

Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: ~~March~~ April 1st, 2014

UNITED STATES DISTRICT JUDGE

---

1320. In order to obtain relief under *Martinez*, a petitioner must demonstrate that the state post-conviction attorney in his first state collateral proceeding was ineffective under the standards established in *Strickland*, that the underlying ineffective assistance of trial counsel claim is substantial, and that petitioner was prejudiced. *Id.* at 1316, 1320.